MANUEL PÉREZ PÉREZ, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (FIRST SECTION), Respondent.

No. 919.  Submitted February 28, 1934.—Decided May 31, 1934.

*Monserrat & Monserrat* for appellant.  The registrar appeared by brief.

Mr. Justice Córdova Dávila delivered the opinion of the court.

Pedro U. Rodríguez levied an attachment on a property belonging to Armanda Miranda and recorded the said attachment in the registry of property. Such recording was obtained by Rodríguez in an action of debt brought against Laura Rodríguez and her surety Armanda Miranda, the owner of the property in question. After said property had been awarded to Rodríguez in execution of the judgment, he sold it to the appellant, Manuel Pérez y Pérez, to whom it had been mortgaged by its former owner Armanda Miranda.

Pérez requested the cancellation of the record of the attachment, which was denied by the registrar on the grounds that Pedro U. Rodríguez had not consented to it and that the proper procedure had not been followed.

It is argued by the appellant that the property was awarded to Pedro Rodríguez, the attaching creditor, and that, his rights as creditor and owner having merged, the registrar erred in refusing to effect the cancellation of the attachment levied upon the property, by reason of such merger. The registrar contends that a record made pursuant to a judicial mandate may not be canceled, while still in force, upon the request of a third person who is the owner of the property.

It is a general rule that cautionary notices recorded pursuant to a court order may only be canceled pursuant to another order of like nature. This rule, however, can not be so severe and inflexible as to prevent cancellation in certain definite cases.

Morell in his treatise "*Legislación Hipotecaria,*" volume 3, pages 524 and 525, says:

"Are all of these general rules inflexible? May not a judicial entry be canceled in any case without an order of the judge? For example, an attachment is levied on a right of usufruct, on a right to repurchase, or on a vineyard, and the usufructuary dies, neither the vendor nor the creditor exercises the right to repurchase, the

lease terminates, or the right to replant expires, or it is shown that the vines have died. Can the record of the attachment be canceled without a judicial order? In our opinion it can and should be canceled without the need of that order, since such a cancellation is authorized by sections 78 to 80 of the Law, which are applicable to cautionary notices as well as to final records. The foundation, the right on which the attachment was levied and recorded, is lacking and the entry crumbles, falls to the ground for want of a foundation, regardless of the will of the interested parties and of the judge.

"The recording of an attachment of a mortgage credit, says the Decision of January 25, 1882, cannot be an obstacle to the cancellation of the mortgage by the creditor, where payment is made by the debtor and the entry was not made with the consent of the original debtor and the latter was not enjoined from paying the mortgage credit without the intervention of the court.

"There is no doubt as to the applicability of the Royal Order of December 10, 1883, to entries, where, upon the sale or adjudication of the property at the instance of a creditor no surplus is left with which to pay the subsequent creditors, or where such surplus is deposited for them, even though it be necessary that the cancellation be ordered in accordance with the last part of subdivision 2 of article 151 of the Regulations. See commentary on sections 82, 83, and 131.

"Is cancellation in cases of merger of rights proper without a judicial order? Let us see the most common case. A mortgages a property to B who, upon default, brings a foreclosure action, attaching the property and recording the attachment in the registry. The creditor acquires the property either by a conveyance in payment or by purchase at the public sale. As a result, the qualities of debtor and creditor, those of attachment creditor and owner of the attached property, are combined or merged in him. The mortgage is canceled by reason of the merger, it is extinguished in fact and in law, independently of the will of anyone. Must the entry subsist until the judge orders its cancellation? Such is the practice in the registries, and in such manner entries and liens which do not really exist are allowed to subsist indefinitely at times. Where the merger or consolidation of rights is absolute, complete, and certain, we do not find sufficient reason for not cancelling the entry of an attachment, just as the record of the mortgage is cancelled, even though the interested parties do not express their consent and though the judge has not ordered it. It is a necessary and

fatal fact. Is the stipulation for payment of costs an obstacle? No, because the record is made in favor of the creditor and not of the court, and it is the former and not the latter who attempts to secure its recovery. Therefore, we see no valid reason to prevent the cancellation of the entry as a result of the merger."

In the present case, Pedro U. Rodríguez was awarded the same property in respect of which he had recorded an attachment, and he recorded his title in the registry of property. The attachment creditor thus strengthened his right by converting his cautionary notice into a recorded right, his entry into a permanent inscription. The acquisition of the property and the recording of the same in the registry produce the effect of a merger of rights, by vesting in the same person the rights of creditor and owner, of holder of the attachment and owner of the property attached. In this specific case a judicial order should not be necessary in order to make the cancellation. There is no possibility of prejudice to a third person. The same person who recorded the attachment acquired the property and later sold it to the appellant. Even if the entry were allowed to subsist in the registry, it would be harmless and could not prejudice anyone; the appellant, however, has the right to have it canceled, and if that is his wish, there is no reason why the mere formality of the cancellation should not be performed.

The decision appealed from must be reversed.